FILED

2016 Mar-31  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| ANITA GRADY, | ) | |
| on behalf of M.M.H., a minor child, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 4:14-cv-02405-JHE |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Anita Grady ("Grady") seeks review on behalf of her minor daughter, M.M.H., pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Supplemental Security Income ("SSI"). (Doc. 1). Grady timely pursued and exhausted her administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

M.M.H. was an adolescent female at the time of the alleged onset of disability and the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 15). Grady applied for SSI on her daughter's behalf on February 22, 2011. (*Id.*). The Commissioner initially denied the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

application, (tr. 62), and Grady requested a hearing before an ALJ, (tr. 63). After a hearing, the ALJ denied M.M.H.'s claim on May 9, 2013. (Tr. 26). Grady sought review by the Appeals Council, but it declined her request on October 15, 2014. (Tr. 1-8). On that date, the ALJ's decision became the final decision of the Commissioner. On December 16, 2014, Grady initiated this action. (*See* doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

has been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" for claimants under age eighteen as "hav[ing] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months," except that a minor will not be found disabled if he or she is "engaging in substantial gainful activity."  20 C.F.R. § 416.906.  To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 416.908.

The Regulations provide a three-step process for determining whether a claimant under eighteen years of age is disabled.  *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 820 (11th Cir. 2015) (citing 20 C.F.R. § 416.924(a)).  The Commissioner must determine in sequence:

> (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe and medically determinable impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments.

*Id.* at 820-21 (citing 20 C.F.R. § 416.924(a)-(d)).  "In doing so, the ALJ considers 'all relevant

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

information,' including evidence from medical and nonmedical sources, such as the child's parents and teachers." *Id.* at 821 (citing 20 C.F.R. § 416.924a(b)(3), (e)(1)).

A child's impairments "functionally equal" a listed impairment if "the child has 'marked' limitations in at least two of six 'broad areas of functioning' called domains, or an 'extreme' limitation in one domain." *Id.* (citing 20 C.F.R. § 416.926a(a), (b)(1), (d)). These domains are

> (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.

*Id.* (citing 20 C.F.R. § 416.926a(b)(1)). An "extreme" limitation is one of "the worst limitations" and interferes "very seriously" with the child's ability to independently initiate, sustain, or complete activities in a domain, and a "marked" limitation is "less than extreme" but "more than moderate" and interferes "seriously" with the child's ability to independently initiate, sustain, or complete activities in a domain. *Id.* (citing 20 C.F.R. § 416.926a(e)).

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found M.M.H. did not engage in substantial gainful activity from the application date. (Tr. 15). At Step Two, the ALJ found M.M.H. has the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder ("ODD"), and bipolar disorder. (*Id.*). At Step Three, the ALJ found M.M.H.'s impairments did not individually or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-16). He also found she has "less than marked" limitation in each of the six domains, except he found no limitation in the domain of moving and manipulating objects. (Tr. 20-26). Consequently, he found she does not

have an impairment or combination of impairments that functionally equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 26).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding."  *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]."  *Id.* (citation omitted).

Grady asserts one ground, made up of two necessary parts, for reversing the ALJ's decision:  the ALJ would have found marked limitation in two domains but he applied improper legal standards by (1) not considering M.M.H.'s self-injurious actions in the section addressing the self-care domain; and (2) not considering M.M.H.'s running away in the section addressing the social domain.  (Doc. 11 at 10-17).  However, Grady has not shown the ALJ did not properly consider the evidence she cites or that substantial evidence does not support his conclusions.

Grady first argues the ALJ erred when he did not address M.M.H.'s self-injurious behavior in his discussion of the self-care domain despite the Regulations' directive to consider them under that domain.  (Doc. 11 at 12-13).  She similarly argues the ALJ erred when he failed to consider, in his discussion of the social domain, an incident in which M.M.H. left home overnight and the police were called.  (*Id.* at 15-17).  The Commissioner counters that the fact the ALJ did not re-summarize each specific incident of M.M.H.'s self-injurious behavior or leaving home overnight does not mean he did not consider them in assessing the proper domains.

(Doc. 13 at 5-6).

Grady acknowledges in her argument that the ALJ addressed the self-injurious behavior in an earlier part of his decision (where he stated those symptoms were controlled by adjustment to her medication and therapy), (tr. 19-20), but she contends "the evidence is tenuous that the claimant's self-injurious behavior can always be controlled by her medication and treatment," (doc. 11 at 15). This, of course, is an entirely different argument than the one she actually makes (that the ALJ did not consider the self-injurious behavior at all when addressing the self-care domain). Similarly, although Grady does not acknowledge it, the ALJ also discussed the incident of M.M.H. leaving home overnight earlier in his opinion. (Tr. at 19-20).

The ALJ concluded these incidents were "exacerbations of the symptoms of her mental health conditions" that were ultimately controlled by medication and therapy. (*See* tr. 19-20) (noting the issues with her family had gotten better until the January 2013 incident of leaving home, cutting herself, and making threats, which resulted in treatment adjustments leaving her "stable"). When later discussing the self-care domain, the ALJ specifically noted self-injurious behavior as a difficulty children can have caring for themselves. (Tr. 25). When discussing the social domain, he made reference back to the difficulties M.M.H. has had getting along with her parents. (Tr. 23). The ALJ's opinion set out the proper legal framework, and the fact he did not re-summarize previous factual findings does not indicate he failed to properly consider them. *See Wood v. Astrue*, No. CIV.A.2:07CV720SRWWO, 2008 WL 4571784, at *4 (M.D. Ala. Oct. 14, 2008) ("This section of the decision includes no discussion of other evidence bearing on the issue of plaintiff's limitations in this domain. However, as plaintiff acknowledges, the ALJ did—in an earlier summary of the evidence—discuss the evidence of plaintiff's academic performance. The fact that the ALJ failed to summarize this evidence again does not indicate

that he failed to consider it in reaching his conclusion.").

The question then is whether the ALJ's conclusions are supported by substantial evidence. Grady points to no evidence or other argument to support her conclusory statement regarding the "tenuous" evidence in support of the ALJ's conclusion the self-injurious behavior can be controlled by medication and treatment. (Doc. 11 at 15).[4] Moreover, Grady's conclusory statement asserts the evidence is tenuous regarding whether the behaviors "can *always* be controlled." (*Id.*) (emphasis added). However, total elimination of the symptoms is not necessary for the ALJ to find a "less than marked" limitation—only that the symptoms do not interfere "seriously" with the child's ability to independently initiate, sustain, or complete activities in the relevant domain. Based on this standard, it is understandable why the ALJ's conclusions might focus on broad results taken from the facts already addressed, instead of focusing on the individual events. Individual events are not going to seriously interfere with the child's abilities unless they are many and repeated or have broad, long-lasting effects. The evidence the ALJ allegedly ignored is neither.

Each incident of self-injurious behavior the ALJ addressed was followed by a change in medication or therapy resulting in no subsequent occurrences for, in one case, several months and, in another, almost a year and a half. (Tr. 19, 712, 759, 762, & 768-69). None of these incidents were more than superficial cutting, and only one included threats of suicide. (Tr. 53, 292, 712, 759, & 768-69). Even then, at a subsequent counseling session, M.M.H. denied suicidal ideation, (tr. 762), as she had on a previous occasion of cutting, (tr. 292 & 628), and at many of her routine counseling sessions, (*see, e.g.*, tr. 619, 621, 645, 650, 653, & 658). In the

---

[4] The ALJ also briefly mentions some evidence of treatment noncompliance but does not appear to rely on it, (tr. 20), likely because of the acknowledged ambiguousness of its timeframe, (tr. 19).

context of the other evidence showing M.M.H. is thinking about her future, pursues enjoyable activities, maintains personal hygiene, and is able to help with her sister's two young children, a reasonable person could accept the evidence as adequate to support the conclusion M.M.H.'s impairments did not "seriously" affect her ability to care for herself.  (Tr. 25, 35, 39-40, 60, 166, 208-14, 733, & 736).

Grady also points to no evidence to indicate further issues with "running away" beyond the incident of leaving home overnight in January 2013.  In the context of evidence M.M.H. is progressing in school (with mostly passing, if not stellar, grades), has some good friends (even if she has difficulty making more), and is getting along reasonably well with her family and classmates (albeit with the occasional fights or disagreements), a reasonable person could accept the evidence as adequate to support the conclusion M.M.H.'s impairments did not "seriously" affect her ability to interact and relate with others.  (Tr. 35-46, 51, 56-57, 165, 208-14, 736, & 754).

Grady does not specifically challenge the ALJ's findings of the other domains, but there is adequate evidence to support the conclusion M.M.H.'s medical issues do not seriously affect her abilities to acquire and use information, (tr. 35-36 & 51); attend and complete tasks, (tr. 35-36, 41-42, & 51); move about and manipulate objects, (tr. 24) (noting a complete lack of allegations or evidence on this domain); or regarding her health and physical well-being, (tr. 26 (acknowledging issues with asthma and high cholesterol but noting no evidence of symptoms secondary to those conditions) & 37 (in which M.M.H. testifies her medication does not cause side-effects)).  Substantial evidence supports the ALJ's decision Grady did not prove M.M.H. had "marked" limitations in two domains or "extreme" limitations in any one of them.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income be **AFFIRMED** and this action is due to be **DISMISSED WITH PREJUDICE.**  A separate order will be entered.

DONE this 31st day of March 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE